United States District Court
for the
Eastern District of New York

| | |
|---|---|
| PALM AVENUE HIALEAH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEAH TRUST SERIES 2014-1, <br><br> Plaintiff <br><br> v. <br><br> SALVATORE CUCE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR FIRST UNITED MORTGAGE BANKING CORP, FIRST UNITED MORTGAGE BANKING CORP, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. ) ) ) **COMPLAINT** ) ) ) ) ) ) ) ) ) |

Plaintiff, by its attorneys Hasbani & Light P.C., for its complaint against the Defendant alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 2738 Cedar Ave. Ronkonkoma N.Y. 11779, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule B.

## PARTIES

2. Plaintiff is a Delaware Statutory Trust located at 1900 Sunset Harbour Drive, 2nd Floor, Miami Beach, FL 33139. Plaintiff is directly owned by two Florida residents and one Florida limited liability company which is directly owned by two Florida residents. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule A is a copy of the original note.

3. Defendant Salvatore Cuce is a citizen of New York, and the owner of the Property.

4. Defendant Mortgage Electronic Registration Systems as Nominee for First United Mortgage Banking Corp. is a corporation with a principal place of business located in Virginia. Said Defendant holds a lien encumbering the property which upon information and belief was extinguished or satisfied.

5. Defendant First United Mortgage Banking Corp. is a New York Corporation prior with its principal place of business in New York. Said Defendant holds a lien encumbering the property which upon information and belief was extinguished or satisfied.

6. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

## STATEMENT OF JURISDICTION

7. Federal subject matter jurisdiction exists pursuant to 28 USC Section 1332 because complete diversity exists among the Plaintiff and the Defendant and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

8. Venue is proper pursuant to 28 USC Section 1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

9. On or about May 1, 2009, Salvatore Cuce executed and delivered a Note whereby he promised to pay the sum of $304,385.00 plus interest on the unpaid amount due.

10. As security for the payment of the Note Salvatore Cuce executed and delivered a Mortgage, in the amount of $304,385.00 which was recorded as follows.

Recording Date: June 12, 2009
Liber M00021825 Page 664
Suffolk County Clerk

11. The mortgage was subsequently assigned to Flagstar Bank FSB.

12. The mortgage was subsequently assigned to Secretary of Housing and Urban Development.

13. The mortgage was subsequently assigned to DKR Mortgage Asset Trust 1.

14. The mortgage was subsequently assigned to 21 Asset Management Holding LLC.

15. The mortgage was subsequently assigned to Palm Avenue Hialeah, LLC.

16. The mortgage was subsequently assigned to Palm Avenue Hialeah Trust, a Delaware Statutory Trust, for and on behalf and solely with respect to Palm Avenue Hialeah Trust, series 2014-1.

17. Salvatore Cuce failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on June 1, 2017 and subsequent payments. Accordingly, Plaintiff hereby accelerates the payments and declares due the entire amount owed on the Note and secured by the Mortgage.

18. There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $268,496.99
Interest Rate: 6%
Date Interest Accrues from: May 1, 2017

Deferred amount: $17,321.24
Interest Rate: 0%

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

19. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

20. Plaintiff has complied with the notice provision of the Mortgage and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

21. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation of the complaint in the paragraphs "1" through "21" with the same force and effect as if set forth herein.

23. That a prior mortgage in favor of First United Mortgage Banking Corp. by Kevin Kallmeyer in the amount of $41,000.00 and recorded in the Suffolk County Clerk's office on November 21, 2006 as Liber M00021421 Page 246 still appears on record. Upon information and belief said mortgage was satisfied or extinguished.

24. That a prior mortgage in favor of Mortgage Electronic Registration Systems as nominee for First United Mortgage Banking Corp. by Alma Scarpati in the amount of $93,000.00 and recorded in the Suffolk County Clerk's Office on November 15, 2006 as Liber M 00021418 Page 798 appears on record. Upon information and belief said mortgage was satisfied or extinguished.

25. That pursuant to Real Property Actions and Proceedings Law (RPAPL) Article 15, Plaintiff is entitled to an Order expunging these mortgages from the public record.

WHEREFORE, PLAINTIFF DEMANDS:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
i. Awarding the relief requested in the SECOND cause of action stated in the complaint; and
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: August 7, 2019
    New York, New York

                                        Hasbani & Light P.C.

                                        */s/ Ross Eisenberg*
                                        Ross Eisenberg, Esq.
                                        *Attorneys for Plaintiff*
                                        450 Seventh Ave. Suite 1408
                                        New York, New York 10123
                                        (212) 643-6677

## Schedule A

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

# NOTE

FHA Case No.
374-5136770-703
MIN:

Multistate

MAY 1, 2009                    Holbrook,                         NEW YORK
[Date]                          [City]                            [State]

2738 CEDAR AVE, RONKONKOMA, NY 11779-5219
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means FLAGSTAR BANK, FSB, A FEDERALLY CHARTERED SAVINGS BANK

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ****THREE HUNDRED FOUR THOUSAND THREE HUNDRED EIGHTY FIVE AND NO/100************************** Dollars (U.S. $304,385.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE                                    percent ( 5.000% ) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time
Borrower shall make a payment of principal and interest to Lender on the      1ST        day of each month beginning on  JULY 1, 2009.            Any principal and interest remaining on the   1ST      day of JUNE, 2039       will be due on that date, which is called the "Maturity Date."

(B) Place
Payment shall be made at
5151 CORPORATE DR
TROY, MI 48098-2639

or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S.  $1,634.01.  This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]    ☐ Graduated Payment Allonge    ☐ Growing Equity Allonge
                          ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of     15     calendar days after the payment is due, Lender may collect a late charge in the amount of   FOUR                          percent (    4.000%  ) of the overdue amount of each payment.

(B) Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

Initials: X

FHA Multistate Fixed Rate Note - 10/95                                                  P8700NOT 0804
Online Documents, Inc.                          Page  1  of  2                          04-30-2009 21:00

║║║║║║║║║║║║║║║║║║║║502519942

ORIGINAL NOTE-1

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
SALVATORE CUCE

PAY TO THE ORDER OF   The Secretary of Housing and Urban Development
WITHOUT RECOURSE       Washington DC
FLAGSTAR BANK, FSB

BY: _____
JEAN R. [illegible]

BY: _____
[illegible]

Pay to the order of DKR Mortgage Asset Mgmt I
and its successors and assigns
without recourse

_____
Erik M. Cribbs Authorized Agent
Secretary of Housing and Urban Development

## ALLONGE TO NOTE

NOTE AMOUNT: Three Hundred Four Thousand Three Hundred Eighty Five Dollars and No Cents ($304,385.00)

BORROWER NAME(S): Salvatore Cuce

PROPERTY ADDRESS: 2738 CEDAR AVE, RONKONKOMA, NY 11779-5219

NOTE DATE: May 01, 2009

PAY TO THE ORDER OF: 21 Asset Management Holding, LLC
Without Recourse

**DKR Mortgage Asset Trust I, By Kondaur Capital Corporation, its Attorney-in fact**

By: _____
Hanh D. Nguyen, Collateral Manager

# ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: Salvatore Cuce

ORIGINATOR: Flagstar Bank, FSB, a Federally Chartered bank

ORIGINAL PRINCIPAL BALANCE: $304,385.00

PROPERTY ADDRESS: 2738 Cedar Ave Ronkonkoma, NY 11779

PAY TO THE ORDER OF:

**ASSETS RECOVERY 23, LLC**

WITHOUT RECOURSE

**21 ASSET MANAGEMENT HOLDING, LLC**

BY: _____
John Olsen, Manager

# ALLONGE TO NOTE

2796249S

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

DATE: April 12, 2013

BORROWER: Salvatore Cuce

ORIGINATOR: Flagstar Bank, FSB

ORIGINAL PRINCIPAL BALANCE: $304,385.00

PROPERTY ADDRESS: 2738 Cedar Ave, Ronkonkoma, NY 11779

PAY TO THE ORDER OF:

Assets Recovery 24, LLC

WITHOUT RECOURSE, REPRESENTATION, OR WARRANTY
ASSETS RECOVERY 23, LLC

BY: Assets Recovery 23, LLC

BY: _____
James Fratangelo, Manager

## ALLONGE TO NOTE

2746243

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

DATE:

BORROWER: Salvatore Cuce

ORIGINATOR: Flagstar Bank, FSB

ORIGINAL PRINCIPAL BALANCE: $304,385.00

PROPERTY ADDRESS: 2738 Cedar Ave Ronkonkoma NY 11779


PAY TO THE ORDER OF:

Asset Recovery 23, LLC

WITHOUT RECOURSE, REPRESENTATION, OR WARRANTY
Assets Recovery 24, LLC

BY: Assets Recovery 24, LLC

BY: _____
James Fratangelo, Manager

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE:

**Borrower Name:** Salvatore, Cuce

**Property Address:** 2738 CEDAR AVE

RONKONKOMA, NY 11779-5219

**Loan Amount:** $304,385.00

**Note Date:** May 01st, 2009

**In Favor of:** FLAGSTAR BANK FSB

Pay to the Order of **PALM AVENUE HIALEAH, LLC**

WITHOUT RECOURSE

Assets Recovery 23, LLC

By: _____

James Fratangelo, Manager

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: Salvatore Cuce

ORIGINATOR: Flagstar Bank, FSB

ORIGINAL PRINCIPAL BALANCE: $304,385.00

PROPERTY ADDRESS: 2738 Cedar Ave, Ronkonkoma, NY 11779-5219

PAY TO THE ORDER OF:

PALM AVENUE HIALEAH TRUST, A Delaware Statutory trust, for and on behalf and solely with respect to PALM AVENUE HIALEAH TRUST Series 2014-1

WITHOUT RECOURSE,
PALM AVENUE HIALEAH, LLC

BY: _____
John Olsen, Manager

## Schedule B - Legal Description

All that certain plot, piece or parcel land, situate, lying and being at lake Ronkonkoma, Town of Islip, County of Suffolk, and State of New York known and designated on a certain map entitle."Map of William P. Young, Ronkonkoma, Made by Eugene R. Smith, C.E." dated December 1911, said Map being filed in the Office of the Clerk of the County of Suffolk, New York, under Map Number 390, and being Lot Number 204.

FOR                  INFORMATION                  PURPOSES                  ONLY:

SAID PREMISES also being known as 2738 Cedar Avenue Lake Ronkonkoma, NY 11779

District 0500 Section 048.00 Block 01.00 Lot 020.000

## Schedule C-Defendants

Salvatore Cuce                                              Borrower

Mortgage Electronic Registration
Systems as Nominee for First United Mortgage                Holder of a mortgage
Banking Corp

First United Mortgage Banking Corp                          Holder of a mortgage